UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2798-B |
| | § | |
| RUBEN MARTIN, d/b/a RUBEN MARTIN TRAINING CENTER, d/b/a RUBEN MARTIN JUDO TRAINING CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 7). For the following reasons, the Court **DENIES** the Motion.

## I.

## BACKGROUND

Plaintiff alleges that it held the exclusive commercial distribution rights to an Ultimate Fighting Championship broadcast that aired on November 14, 2015. *See* Doc. 1, Compl., ¶ 1. Plaintiff alleges that Defendant unlawfully exhibited this fight at his business, without obtaining a license, permission, or other authorization from Plaintiff. *Id.* ¶¶ 2, 11.

On October 19, 2018, Plaintiff filed claims against Defendant under the Federal Communications Act of 1934, as amended, for violations under 47 U.S.C. § 605 or, alternatively, under 47 U.S.C. § 553 seeking statutory damages, interest, costs, and attorney's fees. *Id.* ¶¶ 15–16. Defendant moved to dismiss. As all briefing has been filed, the Court now addresses this motion.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). To survive a 12(b)(6) motion, "enough facts to state a claim to relief that is plausible on its face" must be pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage, a court "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." *J&J Sports Prods., Inc. v. Live Oak Cnty. Post No. 6119 Veterans of Foreign Wars*, 2009 WL 483157, at *3 (S.D. Tex. Feb. 24, 2009) (quoting *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007).

## III.

## ANALYSIS

Defendant makes two substantive arguments in his motion to dismiss: (1) that the statute of limitations has run on Plaintiff's claims because over two years has elapsed since the screening; and (2) that the affirmative defense of fair use should apply. Defendant also recites the doctrine of standing in his motion to dismiss but only in reply briefing applies it to the facts of this case.

Even if Defendant adequately challenged standing, the Court holds that Plaintiff has met the minimum requirement—Plaintiff has alleged an injury of cable/satellite piracy, that is concrete and actual, the requisite causal connection exists, and it is redressable by this Court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (listing the elements of standing). Defendant's argument that the injury is purely hypothetical falls flat—Defendant admits to not having secured the necessary permissions before screening the event. Doc. 13, Def.'s Reply, ¶¶ 3–4; *see Live Oak*, 2009 WL 483157, at *2–4 (denying a motion to dismiss even when Defendant alleged that the match at issue was screened only to friends and family, free of charge, in a bar closed to the public). And even though the alleged lost revenue may be "minimal," Doc. 13, Def.'s Reply, ¶ 4, it is similar in scale to many other claims filed under these statutes, *see e.g., Live Oak*, 2009 WL 483157, at *2.

The rest of Defendant's arguments relate to affirmative defenses. "[A]s a general matter, the Fifth Circuit has determined that Rule 12(b)(6) motions to dismiss typically cannot be granted on affirmative defense grounds unless a successful affirmative defense appears clearly on the face of the pleadings." *Estate of Barré v. Carter*, 272 F. Supp. 3d 906, 930 (E.D. La. 2017) (internal quotations omitted) (compiling cases). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). And "[w]hile it does not appear that the Fifth Circuit has directly addressed the question of whether the fair use defense may be raised on a Rule 12(b)(6) motion to dismiss, other courts have recognized that under certain circumstances a fair use determination can be made at the motion to dismiss stage." *Estate of Barré*, 272 F. Supp. 3d at 931.

Defendant points to decisions from Texas courts that have held that the statute of limitations for these claims is two years. Doc. 7, Def.'s Mot. to Dismiss, ¶ 9 (citing *J&J Sports Prods. v. JWJ Mgmt., Inc.*, 324 S.W.3d 823, 832 (Tex. App.—Fort Worth 2010)). But this Court is bound by Fifth Circuit precedent that the statute of limitations is in fact three years for claims under §§ 553 & 605. *J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 353 n.13 (5th Cir. 2014) (citing *Prostar v. Massachi*, 239 F.3d 669, 678 (5th Cir. 2001)). Because less than three years have elapsed since the alleged screening, this Court is foreclosed from dismissing Plaintiff's complaint on statute of limitations grounds.

As for the fair-use defense, it is not clear whether in this Circuit the fair-use doctrine applies to Federal Communications Act claims. *See J&J Sports Prods. Inc. v. Garcia*, 2014 WL 2739302, at *4 (S.D. Tex. Jun. 17, 2014) (summarily concluding that fair use does not apply to such claims by citing two cases in which courts struck fair use defenses for lack of sufficient facts) (citing *Joe Hand Promotions, Inc. v. Barwick*, 2013 WL 2083123, at * 5 (N.D. Cal. May 14, 2013); *Joe Hand Promotions, Inc. v. Nguyen*, 2012 WL 1183738, at *2 (N.D. Cal. Apr. 6, 2012)). Defendant does not cite any cases that hold that fair use is a ground for dismissing Federal Communications Act claims, and the Court is unaware of any.[1] Thus, because this affirmative defense does not clearly apply on the face of the pleadings, the Court declines to dismiss Plaintiff's complaint on fair-use grounds.

---

[1] In his briefing, Defendant states that he did screen the fight at issue, but did so as part of a non-profit fundraiser for one of his judo students. Doc. 7, Def.'s Mot. to Dismiss, ¶ 7; Doc. 13, Def.'s Reply, ¶ 1. While this may be the case, and may affect the damages Plaintiff can recover, it is not grounds on which a motion to dismiss may be granted.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss (Doc. 7).

**SO ORDERED**.

**SIGNED: January 4, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE